■ VIRGINIA VARA et al., Respondents, v. ROSARIO DRAGO, Appellant, et al., Defendant.— In an action to recover damages for injury to the person of the female plaintiff, and by her husband for loss of services and medical expenses, defendant Drago appeals from a judgment of the Supreme Court, Queens County, entered October 6, 1964 on a jury's verdict in plaintiffs' favor. Judgment for plaintiff Robert Vara reversed on the law, without costs, and

complaint dismissed. Judgment for plaintiff Virginia Vara reversed on the facts and a new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, said plaintiff shall serve and file a written stipulation consenting to reduce the amount of the verdict to $2,500; if such stipulation be served and filed, the judgment as thus reduced is affirmed, without costs. The findings of fact (other than damages) implicit in the verdict are affirmed. Implicit in the jury's verdict is a finding that defendant Drago failed to disclose to plaintiffs the presence of a dead fetus when he discovered it two months before the female plaintiff was due to give birth and the advisability of waiting for its spontaneous evacuation. Although such failure to disclose constituted a departure from accepted medical practice, we are nevertheless of the opinion that the evidence adduced failed to establish any proximate causal relationship between that departure and the hysterotomy performed by another physician whom the plaintiffs had consulted. The hysterotomy was concededly based on an erroneous diagnosis of extra-uterine pregnancy and was not performed because of the presence of the dead fetus. Hence, the damages flowing therefrom, including those claimed for loss of services and medical expenses, could not be attributed to anything defendant did or failed to do. However, the mental anguish suffered by plaintiff Virginia Vara was attributable to appellant's failure to disclose and was a proper item of damage. However, the verdict of $9,000 in favor of said plaintiff was, in our opinion, excessive. Beldock, P. J., Ughetta, Brennan, Rabin and Benjamin, JJ., concur.